```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

AARON COLE, on behalf of himself and
those similarly situated,

        Plaintiff,

v.                                Case No. 3:06-cv-772-J-33TEM

SUPREME CABINETS, INC., a Florida
corporation,

        Defendant.
_____/

**ORDER**

      This cause comes before the Court pursuant to Plaintiff's Motion to Dismiss Defendant's Counterclaims for Lack of Subject Matter Jurisdiction and Incorporated Memorandum of Law (Doc. # 7), filed by Cole on November 22, 2006. Supreme Cabinets filed a response (Doc. # 9) on December 7, 2006. For the reasons that follow, Cole's motion is due to be denied to the extent that Supreme Cabinets will be permitted to maintain its counterclaim as a setoff only.

**I.    Background**

      Cole was employed by Supreme Cabinets until June or July 2006. (<u>Compare</u> Doc. # 1, at 3 ("In or around July 2006, [Supreme Cabinets] constructively discharged [Cole] . . . .") <u>with</u> Doc. # 6, at 4 (stating that Cole was discharged on June 16, 2006).) In August 2006, Cole filed this lawsuit, alleging two claims against

his former employer. (See Doc. # 1.) First, Cole alleges that Supreme Cabinets failed to pay him for overtime work as required by the Fair Labor Standards Act. (Doc. # 1, at 2-3.) Second, Cole charges that Supreme Cabinets fired him in retaliation for complaining to Supreme Cabinets about the company's failure to pay proper overtime. (Doc. # 1, at 3.)

The precise circumstances surrounding the end of Cole's employment are unclear. In his complaint, Cole alleges that he was constructively discharged "[i]n or around July 2006." (Doc. # 1, at 3.) In contrast, Supreme Cabinets states in its counterclaim that Cole was discharged on June 16. (Doc. # 6, at 4.) Moreover, the circumstances alleged in the counterclaim are consistent with a formal, rather than constructive, discharge. (See Doc. # 6, at 4 ("On June 16, 2006 at the time [Cole] was discharged, . . . the owner of Supreme Cabinets requested that [Cole] unload his personal items from the Company's vehicle . . . and return the vehicle to the Company immediately.").)

Supreme Cabinets brought a counterclaim alleging that Cole converted and damaged the company's vehicle. (Doc. # 6, at 4-5.) Specifically, Supreme Cabinets avers that Cole did not return the company vehicle until June 18, 2006, two days after Cole was fired. (Doc. # 6, at 4.) Supreme Cabinets further claims that Cole ruined the vehicle's rear tires and did other damage to the vehicle. (Doc. # 6, at 5.) The damage to the vehicle, including the

replacement of the rear tires, cost in excess of $500.  (Doc. # 6, at 5.)

## II.  The Parties' Arguments

On November 22, 2006, Cole filed a motion to dismiss Supreme Cabinets' counterclaim.  In his motion, Cole argues that this Court has no subject matter jurisdiction to hear Supreme Cabinets' counterclaim.  (Doc. # 7, at 1.)  Cole admits that federal courts have supplemental jurisdiction over counterclaims that are sufficiently related to the original claims.  (Doc. # 7, at 2.)  However, Cole asserts that Supreme Cabinets' counterclaim is unrelated to Cole's original claims.  (Doc. # 7, at 1, 2.)  As a result, Cole submits, the Court must dismiss Supreme Cabinets' counterclaim.

In response, Supreme Cabinets makes two arguments.  First, Supreme Cabinets counters that its counterclaim is related to Cole's claims.  Supreme Cabinets plans to defend against Cole's retaliation claim by pointing to instances of Cole's misconduct as the reason Supreme Cabinets fired Cole.  (Doc. # 9, at 2 n.1.)  According to Supreme Cabinets, the facts underlying its counterclaim will thus also be used in defending against Cole's retaliation claim.  (Doc. # 9, at 3–4.)  As a result, Supreme Cabinets posits, the counterclaim is sufficiently related to the original claims that this Court has supplemental jurisdiction over the counterclaim.

3

Second, Supreme Cabinets identifies precedent from the Middle District of Florida that authorizes courts to decide unrelated counterclaims for the limited purpose of offsetting any recovery on the original claims. (Doc. # 9, at 2.) As a result, Supreme Cabinets concludes that the counterclaim should remain as a setoff against any recovery Cole might obtain on his original claims. (Doc. # 9, at 3.)

**III. Discussion**

Because both of Cole's claims arise under federal statutes, this Court has federal question jurisdiction over both claims. See 28 U.S.C. § 1331; see also 28 U.S.C. § 1337(a). The source of jurisdiction over Supreme Cabinets' counterclaim is not so clear, though. Supreme Cabinets does not plead any independent basis for federal jurisdiction over its counterclaim (see Doc. # 6), nor can the Court discern any such independent basis. However, the Court has supplemental jurisdiction over claims that are sufficiently related to Cole's original claims "that they form part of the same case or controversy under Article III of the Constitution." 28 U.S.C. § 1367(a). In other words, the Court has supplemental jurisdiction over compulsory counterclaims. Richardson v. Trainer, No. 02-60117-CIV, 2003 U.S. Dist. LEXIS 13829, at *10 (S.D. Fla. July 1, 2003); accord Plant v. Blazer Fin. Servs., Inc., 598 F.2d

1357, 1359 (5th Cir. 1979);[1] Ward v. Winter Garden Bus. Park, LLC, No. 6:06-cv-53, 2006 U.S. Dist. LEXIS 31787, at *6 (M.D. Fla. May 19, 2006); Moore v. As-Com, Inc., No. 8:05-cv-2244, 2006 U.S. Dist. LEXIS 21006, at *3 (M.D. Fla. Apr. 19, 2006); Olufemi v. Your Care Clinics, LLC, No. 8:05-cv-1798, 2006 U.S. Dist. LEXIS 6599, at *6 (M.D. Fla. Feb. 3, 2006); Mercer v. Palm Harbor Homes, Inc., No. 8:05-cv-1435, 2005 WL 3019302, at *1 (M.D. Fla. 2005). "In order to have supplemental jurisdiction over the state law claims, it must be shown that the state law claims are compulsory, rather than permissive." Mercer, 2005 WL 3019302, at *1 (internal quotation marks omitted). Thus, the question is whether Supreme Cabinets' counterclaim is compulsory or permissive.

A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." Fed. R. Civ. P. 13(a). In determining whether a counterclaim is compulsory, courts in the Eleventh Circuit apply the "logical relationship" test. Republic Health Corp. v. Lifemark Hosps. of Fla., Inc., 755 F.2d 1453, 1455 (11th Cir. 1985) (citing United States v. Aronson, 617 F.2d 119, 121 (5th Cir. 1980)); Ward, 2006 U.S. Dist. LEXIS 31787, at *7. Under this test, "a counterclaim is logically related to the

---

[1] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

5

opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 714 (5th Cir. 1970) "[T]here is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." Republic Health Corp., 755 F.2d at 1455 (internal quotation marks omitted); see also Olufemi, 2006 U.S. Dist. LEXIS 6599, at *6-7 ("The logical relationship test asks whether a counterclaim arises from the same aggregate of operative facts in that the same facts serve as the basis of both claims.").

Supreme Cabinets argues that this test is satisfied because "100% of the predicate facts needed to support the counterclaim will be a part of Supreme Cabinets' defense of the main claims." (Doc. # 9, at 4.)  Supreme Cabinets "intends to include in its defense of the retaliation claim that [Cole's alleged conversion of the vehicle] was simply the final act of malfeasance by [Cole] in a long line of misfeasant and malfeasant acts committed by [Cole]." (Doc. # 9, at 2 n.1.)  However, it is apparent that the evidence used to support Supreme Cabinets' defense will be distinct from the evidence used to support Supreme Cabinets' counterclaim.

Inasmuch as Supreme Cabinets intends to proffer Cole's alleged

conversion of the vehicle as a non-retaliatory reason why it fired Cole, Supreme Cabinets' proffered reason fails.  According to Supreme Cabinets' counterclaim, Supreme Cabinets discharged Cole on June 16, 2006, and requested that he return the company vehicle.  (Doc. # 6, at 4)  It defies logic to suggest that one of the reasons Supreme Cabinets fired Cole on June 16 was that Cole failed to return the company vehicle until June 18.  Supreme Cabinets attempts to avoid this problem by asserting that Cole's alleged misconduct occurred "during the termination process."  (Doc. # 9, at 2.)  Supreme Cabinets' attempt is unavailing.  Notwithstanding that Cole's alleged misconduct occurred closely in time with his firing, it is apparent from the counterclaim that the decision to fire Cole was made before the alleged misconduct started.  Accordingly, the Court discerns no relationship between Cole's claims and Supreme Cabinets' counterclaim.

The Court finds that most of the facts needed for the prosecution and defense of Cole's claims are distinct from the facts needed to litigate Supreme Cabinets' counterclaim.  For that reason, separate trials of these separate claims would not "involve substantial duplication of effort and time by the parties and the courts."  See Revere Copper & Brass, Inc., 426 F.2d at 714.  Broadly, the aggregate core of facts upon which Cole's claims rest are the facts of his employment with Supreme Cabinets, not the facts of his behavior following the termination of that employment.

7

This aggregate core of facts does not "activate[] additional legal rights, otherwise dormant, in [Supreme Cabinets]." See Republic Health Corp., 755 F.2d at 1455. Thus applying the logical relationship test, the Court finds that Supreme Cabinets' counterclaim is permissive rather than compulsory.

A similar conclusion was reached in the analogous case of Mercer v. Palm Harbor Homes, Inc., No. 8:05-cv-1435, 2005 WL 3019302 (M.D. Fla. 2005). In that case, the plaintiff sued his former employer for failure to adequately pay its employees as required by the FLSA. Id. at *1. The employer counterclaimed, alleging that the plaintiff converted an expensive tool belonging to the employer. Id. The court found that the FLSA claim and the conversion counterclaim were unrelated. Id.

But this Court's conclusion that Supreme Cabinets' counterclaim is permissive does not mean the Court must entirely dismiss Supreme Cabinets' counterclaim. The Court can exercise jurisdiction over a permissive counterclaim with no independent basis for federal jurisdiction where the counterclaim is seeking only a setoff. Id. at *2. "However, while a set-off is a well recognized exception to the independent jurisdictional requirement for permissive counterclaims, it is to be used solely to defeat or reduce recovery and does not seek affirmative relief." Id. Thus, this Court denies Cole's motion to dismiss Supreme Cabinets' counterclaim. Supreme Cabinets' counterclaim may be used only as

8

a setoff for the purpose of reducing any recovery Cole might obtain on his main claims.  "Should the amount of setoff exceed those damages recovered by [Cole], [Supreme Cabinets] will not be permitted to recover from [Cole] the difference between the two amounts.  If [Supreme Cabinets] wishes to recover the full amount of [its] claim, [it] must file a separate action in the appropriate forum."  <u>Id.</u>

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion to Dismiss Defendant's Counterclaims for Lack of Subject Matter Jurisdiction and Incorporated Memorandum of Law (Doc. # 7) is hereby **DENIED**.  Supreme Cabinets may maintain its counterclaim solely as a setoff.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>12th</u> day of June 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record

9